UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN RUSSELL WILLIAMS, III, | ) |
| Plaintiff, | ) CASE NO. C10-0084-JLR <br> ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| OFFICER DUFFY, et al., | ) |
| Defendants. | ) |
| _____ | ) |

## INTRODUCTION

Plaintiff John Russell Williams proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He names Officers Duffy, Rabelos, and Atwood of the Everett Police Department as defendants. Plaintiff avers that defendants conspired together, with malice, to fabricate and falsify evidence and to submit perjured statements and testimony in order to justify his arrest and prosecution in federal court. (Dkt. 10.)

Defendants filed a motion for summary judgment and a request for attorney's fees under 42 U.S.C. § 1988. (Dkt. 46.) Plaintiff did not oppose defendants' motion. The Court deems plaintiff's failure to oppose to be an admission that the motion has merit. *See* Local Civil Rule

REPORT AND RECOMMENDATION
PAGE -1

7(b)(2). The Court further, while declining to recommend an award of attorney's fees, finds defendants entitled to summary judgment.

## BACKGROUND

On three separate occasions in April 2008, a confidential source working with defendants and other law enforcement officials purchased purported crack cocaine from plaintiff. (*See*, *e.g.*, Dkt. 49, ¶¶4-14 and Exs. A-K.) The confidential source completed three sworn statements identifying plaintiff as the seller of the crack cocaine. (*Id.*, Exs. D, G, J.) Defendants and other Everett police officers also completed multiple sworn statements reflecting the results of both audio and visual surveillance, including the identification of plaintiff as the seller of the crack cocaine. (Dkt. 47, Exs. A-C; Dkt. 48, Exs. A-B, D; Dkt. 49, Exs. A, E, H; Dkt. 50, Exs. A-C.) Other evidence collected during the investigation included, *inter alia*, audio recordings and transcripts (Dkt. 51, Exs. A-C) and photocopies of the money utilized by the confidential source (Dkt. 49, C, F, I).

The police also, after each controlled buy by the confidential source, conducted field-tests identifying the substances purchased as positive for the presence of cocaine. (Dkt. 47, Ex. B at 2; Dkt. 49, Ex. A at 4 and Ex. H at 5; *see also* Dkt. 47, ¶8 and Exs. E-G; Dkt. 49, Exs. N & O (attesting that, while not dispositive, a positive field-test is presumptive for the identity of a controlled substance and can be considered as a component of probable cause).) Officer Rabelos tested one of the substances twice because it looked inconsistent with other samples of crack he had seen and more like children's "play dough." (Dkt. 47, ¶6 and Ex. C.) However, while the initial result appeared in an improper location, both tests were positive for the presence of cocaine. (*Id.*) On the date of the last controlled buy, the police sent the suspected

cocaine to the Washington State Patrol Crime Laboratory for testing. (Dkt. 49, Ex. K.)

Following his arrest, the Everett Police Department turned plaintiff over to federal authorities. (*See id*., Ex. H at 6.)[1] A federal grand jury indicted plaintiff for conspiracy to distribute and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and a bench warrant issued for plaintiff's arrest. (Dkt. 52, Exs. A. & B.) However, because laboratory test results subsequently showed that the substance sold by plaintiff to the confidential source was not cocaine (*see* Dkt. 47, Ex. C; Dkt. 49, Ex. M at 2), the federal charges were dismissed (*see* Dkt. 49, Ex. L; Dkt. 52, Ex. C).

Following the dismissal of the federal charges, the State of Washington charged plaintiff with delivery of a substance in lieu of a controlled substance in violation of RCW 69.50.4012. (Dkt. 52, Ex. D.) Officer Rabelos and another officer took plaintiff into custody and transferred him to Snohomish County Jail. (Dkt. 47, Ex. C; Dkt. 49, Ex. L.) After Officer Rabelos read plaintiff his Miranda rights and plaintiff indicated he understood his rights, plaintiff stated that he sold fake narcotics because he needed the money and that he believed he had been targeted due to his history with Officer Duffy.[2] (Dkt. 47, Ex. C.)

The Snohomish County Prosecutor filed an Affidavit of Probable Cause to charge plaintiff and a Snohomish County Superior Court judge entered an Order on Release/Detention of Defendant finding probable cause. (Dkt. 52, Exs. E & F.) On February 19, 2009, plaintiff

---

[1] The details surrounding plaintiff's arrest are not clear. Defendants state both that plaintiff was turned over to the federal authorities following his arrest and that he was arrested by federal authorities. (Dkt. 46 at 8-9.) The Court assumes for the purposes of considering this motion that plaintiff was initially arrested by one or more of the named defendants and subsequently turned over to federal authorities.

[2] Officer Duffy attests that he has known plaintiff for approximately forty years. (Dkt. 17, ¶ 3 and Dkt. 50, Ex. A at 2.)

REPORT AND RECOMMENDATION
PAGE -3

pled guilty to one count of Delivery of a Substance in Lieu of a Controlled Substance, Cocaine, in violation of RCW 69.50.4012.  (*Id*., Ex. G.)   His plea included the following statement:

> In Snohomish County WA, I did, on or about 4/11/08, did intentionally and unlawfully offer, arrange, and negotiate for the sale, gift, delivery, dispensing, distribution, and administration of a controlled substance, to wit:   cocaine, to a person and then, did knowingly sell, give, delivery, dispence [sic], distribute, and administer to that person any other liquid, substance, or material in lieu of a controlled substance.

(*Id*. at 7.)   The state court sentenced plaintiff to sixty months in prison.   (*Id*., Ex. H.)

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.   *Celotex*, 477 U.S. at 322-23.   The court must draw all reasonable inferences in favor of the non-moving party.   *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

"The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment.   *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).   Also, the nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."   *Hernandez v. Spacelabs Med. Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003).

REPORT AND RECOMMENDATION
PAGE -4

Plaintiff avers claims pursuant to 42 U.S.C. § 1983.  In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges defendants perjured themselves by testifying that the field-tests showed positive for a controlled substance, falsified documents, including sworn written statements, and knowingly and with malice acted in a conspiracy with the intent to justify his arrest and have him taken into federal custody.  As read by defendants, the Court construes plaintiff's complaint as bringing Fourth Amendment claims of false arrest, malicious prosecution, and a conspiracy to violate his civil rights.  For the reasons described below, the Court finds no issue of material fact and plaintiff's claims subject to dismissal on summary judgment.

A.   <u>False Arrest</u>

"An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983."  *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988).  However, a plaintiff must establish a lack of probable cause in order to prevail on a § 1983 false arrest claim.  *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998)).

"Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009) (citing *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)).  In this case, the police arrested plaintiff and brought him before

federal authorities on charges of conspiracy to distribute and distribution of a controlled substance. (*See* Dkt. 52, Ex. A.) *See also* 21 U.S.C. §§ 841(a)(1) (holding it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"), 841(b)(1)(B) (penalties), and 846 (conspiracy).

Defendants present a substantial amount of evidence to support probable cause for plaintiff's arrest. That evidence includes, *inter alia*, sworn statements from both a confidential source and multiple police officers documenting plaintiff's sale of a substance purported to be crack cocaine on three separate occasions, transcripts of audio recordings mirroring the observations of the confidential source and the police officers, and three presumptively positive field-test results for the presence of cocaine. *See*, *e.g.*, *Lassiter*, 556 F.3d at 1054 (probable cause established by, *inter alia*, police reports signed under oath and physical evidence); *Hart v. Parks*, 450 F.3d 1059, 1066-67 (9th Cir. 2006) ("'[P]robable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.'") (quoting *Franks v. Delaware*, 438 U.S. 154, 165 (1978)); *United States v. Uricoechea-Casallas*, 946 F.2d 162, 166 (1st Cir. 1991) (field test indicating presence of cocaine provided probable cause for arrest).

Moreover, a federal grand jury indicted plaintiff on counts of conspiracy to distribute and distribution of crack cocaine and issued a warrant for plaintiff's arrest. (Dkt. 52, Ex. A.) "[P]robable cause for an arrest 'may be satisfied by an indictment returned by a grand jury.'" *Hart*, 450 F.3d at 1070-71 (quoting *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (cited cases omitted)). Additionally, the state court thereafter found probable cause to support plaintiff's

violation of RCW 69.50.4012, and plaintiff, in his guilty plea, conceded he intentionally and unlawfully arranged for the sale of cocaine

Plaintiff fails to make any showing disputing the existence of probable cause. At best, he states with no further explanation in his complaint that defendants committed perjury and falsified evidence. These conclusory allegations are insufficient to satisfy his burden or to defeat the motion for summary judgment. *Hernandez*, 343 F.3d at 1112. Plaintiff's false arrest claim should, therefore, be dismissed.

B.     <u>Malicious Prosecution</u>

To maintain a § 1983 action for malicious prosecution, a plaintiff must show that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him a] specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). "[P]robable cause is an absolute defense to malicious prosecution." *Lassiter*, 556 F.3d at 1054-55. "[T]he mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause." *Freeman*, 68 F.3d at 1189.

Here, because there was probable cause and because plaintiff presents no more than vague and conclusory allegations of misconduct in association with his arrest and prosecution, his malicious prosecution claim fails. *Hart*, 450 F.3d at 1071; *McCarthy v. Mayo*, 827 F.2d 1310, 1315-16 (9th Cir. 1987). *Cf. Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (a plaintiff would not be prevented from maintaining a § 1983 malicious prosecution claim following a preliminary hearing in which the court decided to hold him to answer on a charge "*if he is able to prove* the allegations in his complaint that the criminal proceedings were initiated on the basis of the defendants' intentional and knowingly false accusations and other

malicious conduct.") (emphasis added).  Accordingly, plaintiff's malicious prosecution claim should also be dismissed.[3]

C.     Conspiracy

A § 1983 plaintiff may establish a conspiracy by showing an agreement or meeting of the minds to violate his constitutional rights.  *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (citing *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)).  Here, given the evidence of probable cause, the absence of any evidence of a meeting of the minds or a constitutional violation, and the conclusory nature of the allegations, plaintiff's conspiracy claim should also be dismissed.  *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (noting absence of any facts supporting a meeting of the minds and the failure to allege any actual deprivation of constitutional rights, and concluding plaintiff's conclusory allegations of conspiracy did not give rise to § 1983 liability).[4]

---

[3] Defendants take the argument a step further, contending plaintiff is collaterally estopped from pursuing a malicious prosecution claim based on prior findings of probable cause.  *See*, *e.g.*, *Haupt v. Dillard*, 17 F.3d 285, 288-89 (9th Cir. 1994) (probable cause determination at a preliminary hearing provided conclusive determination of an issue, thereby supporting collateral estoppel in a subsequent § 1983 litigation, even though the guilty verdict was later reversed).  However, collateral estoppel, or issue preclusion, requires, among other things, identical issues and a final judgment on the merits. *Malland v. Washington, Dep't of Ret. Sys.*, 103 Wn.2d 484, 489, 694 P.2d 16 (1985).  Here, the indictment itself would not serve as a final judgment.  *See United States v. Witten*, 965 F.2d 774, 775 (9th Cir. 1992) ("An appeal from a pretrial denial of a motion to dismiss an indictment, or part of an indictment, is an interlocutory appeal, and generally is not considered a final judgment.")  Also, while defendants refer to "a district judge's finding of probable cause" as barring plaintiff's claim (Dkt. 46 at 15), they do not provide any evidence of such a finding with their motion.  Finally, because the state court considered a different charge against plaintiff, as well as different evidence, it is not entirely clear whether it can be said identical issues existed for the purpose of considering collateral estoppel.   In any event, given plaintiff's failure to establish a lack of probable cause, it is not necessary to consider either collateral estoppel or defendants' additional argument as to the prosecutor's independent judgment.

[4] Because the Court finds an absence of any constitutional violations, it need not consider defendants' argument as to qualified immunity.  *Hart*, 450 F.3d at 1070 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

REPORT AND RECOMMENDATION
PAGE -8

D. <u>Attorney's Fees</u>

Defendants seek attorney's fees under 42 U.S.C. § 1988. Pursuant to § 1988(b), the Court may, at its discretion, award attorney's fees to a prevailing party in a § 1983 action. As observed by defendants, "[a] prevailing defendant is awarded attorneys' fees only where the action is found to be 'unreasonable, frivolous, meritless or vexatious.'" *Legal Servs. of N. Cal., Inc. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997) (quoting *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1993)). In this case, while finding that plaintiff's claims lack merit, the Court declines to recommend an award of attorney's fees to defendants.

## CONCLUSION

For the reasons described above, the Court concludes that defendants' unopposed motion for summary judgment should be GRANTED and this case DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this <u>22nd</u> day of April, 2011.

_____
Mary Alice Theiler
United States Magistrate Judge